TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6268
jessica.oliva@usdoj.gov

LORINDA LARYEA
Chief, Fraud Section
CHRISTOPHER WENGER
SHANE BUTLAND
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 445-9670
christopher.wenger@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN DUBIN, M.D.,<br><br>Defendant. | Case No. 2:26-cr-00166-CDS-BNW<br><br>**Stipulation for Protective Order** |

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, represented by Jessica Oliva, Assistant U.S. Attorney, and Christopher Wenger, Trial Attorney, and Mark Kriger, counsel for Defendant Stephen Dubin, that this Court issue this

Protective Order, which (as outlined herein) authorizes disclosure of confidential health information, confidential financial information, and personal identifying information of third parties to enable the government to meet its discovery obligations, and protects from disclosure to the public any discovery documents containing confidential and sensitive health, financial, and other personal identifying information.

In support of this Stipulation, the parties state and agree as follows:

1. Certain discovery to be produced to Defendant Dubin contains confidential third-party health, financial, and personal identifying information, including, but not limited to, patient medical records, Medicare identification numbers, social security numbers, dates of birth, home addresses, and financial information (such as account numbers). The release of such information to the public could endanger the privacy of those third parties and subject them to potential misuse of their identities.

2. Such confidential third-party health, financial, and personal identifying information is collectively referred to here as "Protected Information."

3. In order to protect the privacy of the third parties referenced in the discovery, the parties intend to restrict access to Protected Information provided to the defense in discovery to the following individuals: Defendant Dubin, attorneys for Defendant Dubin, and any personnel that the attorneys for Defendant Dubin consider necessary to assist in performing those attorneys' duties in the defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

4. The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

a. use Protected Information for any purpose other than preparing to defend against the violations in the Indictment;

b. provide Protected Information to the custody and control of individuals other than Covered Individuals; or

c. publicize any Protected Information, including by attaching any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal and/or have all Protected Information redacted.

5. The Covered Individuals shall be further advised that any violation of this Protective Order may result in sanctions by the Court.

6. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at a hearing or trial, so long as appropriate redactions are made in accordance with LR IC 6-1.

7. The defense shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

8. The parties reserve the right to seek to modify the terms of this Protective Order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1).

9. In the event of a disclosure of Protected Information in violation of this Protective Order (inadvertent or otherwise), defense counsel will immediately:

a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order and request any such material be returned;

b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was

inadvertently made;

c. Notify the government and the Court in a public filing of the existence and nature of any violation of this Protective Order.

10. The parties agree that there is good cause for entry of this Protective Order, pursuant to Rule 16(d)(1).

DATED this 18th day of August 2026.

Respectfully submitted,

TODD BLANCHE
United States Attorney General

*/s/ Mark Kriger*
MARK KRIGER ESQ.
for Defendant Dubin

*/s/ Jessica Oliva*
JESSICA OLIVA
Assistant United States Attorney

LORINDA LARYEA
Chief, Fraud Section

*/s/ Christopher Wenger*
CHRISTOPHER WENGER
Trial Attorney

**ORDER**

For good cause shown, IT IS SO ORDERED this ________ day of ______________, 2026.

______________________________________
HONORABLE BRENDA N. WEKSLER
UNITED STATES MAGISTRATE JUDGE